Nick Beduhn WSB# 6-3763
P.O. Box 1149
Buffalo, WY 82834
307-899-2338
nick.freedomfighter@gmail.com

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Shelta Rambur, Tamara Weaver, Renee Buchli, Carleigh Boucher, Jessica McComb, Bobbi Dockins, Candi Kusler, Laura Pavey, and others similarly situated,<br>Petitioners<br><br>vs<br><br>Governor Gordon in his official capacity, Wyoming Dept. of Health, State health officer Alexia Harrist MD in her official capacity, Wyoming Dept. of Health interim director Stefan Johansson in his official capacity, Superintendent Scott Stults and Trustees of Sheridan County School District#2, Superintendent Jubal Yennie and Trustees of Albany County School District#1 Superintendent Dr. Margaret Crespo and Trustees of Laramie County School District#1, Superintendent Ryan Kramer and Trustees of Goshen County School District#1, Superintendent Craig Barringer and Trustees of Sweetwater County School District #2 Superintendent: Kent Stokes and Trustees of Unita County School District#4, each of the following health officers in their official capacity for the respective counties: Albany: Jean Allais MD.,Johnson: Mark Schueler MD, Laramie: Stanley Hartman MD, Goshen: Ted Church, MD.: Sweetwater: Jean Stachon, MD, Jane/John Does 1-100,<br>Respondents | Case No. 21-CV-201-F |

## SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DEMAND FOR A JURY TRIAL

COMES NOW the Petitioners on behalf of themselves and their minor children by and through their attorney, Nick Beduhn, individually and together and on behalf of others similarly situated for their causes of action against the Respondent Gordon et. al. for fraud for declaratory and injunctive relief from enforcement of any and all Executive and health orders issued regarding the SARS-CoV-2 virus (hereinafter Covid-19) which has resulted in many and repeated violations of State and federal law and of fundamental rights and liberties of the Petitioners secured by both the State and federal Constitutions until at full trial can be held.

### JURISDICTION AND VENUE

1. This is a civil action for declaratory and injunctive relief arising under the Fourteenth Amendment to the U.S. Constitution, Wyoming State Constitution and the State of Wyoming's policies and mandates requiring the use of face coverings, social distancing, testing, quarantining and vaccination of healthy and asymptomatic individuals for children, parents, staff, visitors and teachers who are enrolled, attend and are employed by Wyoming school districts.

2. This Court has jurisdiction over all claims pursuant to 28 U.S.C. Sections 1331 and 1343(a). It also has jurisdiction pursuant to the Declaratory Judgment Act as codified at 28 U.S.C. Sections 2201 and 2202.

3. Venue is proper under 28 U.S.C. 1391(b) because Defendants reside in this District, exist in this State under Wyoming law and because the events giving rise to the Petitioners'

claims occurred in this District.

## PARTIES

4. Petitioners all reside in the State of Wyoming. They are the parents of children enrolled at Defendant School Districts as follows:

Shelta Rambur, Renee Buchli, and Carleigh Boucher, Sheridan County School District #2.

Jessica McComb, Albany County School District #1.

Candi Kusler, Laramie County School District #1.

Tamara Weaver Uinta County School District #4.

Laura Pavey, Sweetwater County School District #2; and

Bobbi Dockins, Goshen County School District #1.

5. Defendants Sheridan County School District #2, Laramie County School District #1, Albany County School District #1, Uinta County School District #4, Sweetwater County School District #2 and Goshen County School District #1 are public school districts located in the State of Wyoming. They are governed by a board of trustees who have authorized the conduct challenged in this action.

6. Defendants, Governor Mark Gordon, Wyoming Dept. of Health, State health officer Alexia Harrist, MD, Wyoming Dept. of Health interim director Stefan Johansson, all acting in their official capacity, have devised, published and recommended and supported the unlawful policies which the Petitioners also challenge in this action.

Petitioners allege as follow:

## INTRODUCTION

7. This is an action for declaratory and injunctive relief sought by Petitioners on their

behalf and on behalf of their minor children. Petitioners, the parents of minor children enrolled in Defendants' schools, seek a declaratory judgment as to certain rights, a preliminary and permanent injunction against Defendants' policies on requiring the use of face coverings, social distancing, testing, quarantining and vaccination implemented in response to COVID-19 and its variants in violation of federally mandated safe guards and fundamental rights. Petitioners' legal bases spring from the Wyoming and U.S. Constitutions.

## GENERAL ALLEGATIONS

8. Under federal constitutional law, Petitioners, as parents of minor children, have a fundamental right and interest in the care, custody, and decision making that involves their children. This right is constitutionally protected by the Ninth and fourteenth amendments of the United States' Constitution and Article I § 38 of Wyoming Constitution.

9. Petitioners fundamental right and interest in the care, custody, and decision making that involves their children is also set forth in W.S. § 14-2-206(a).

10. Under federal statutory and constitutional law, Petitioners, as parents of minor children, have a fundamental right to be fully informed pursuant to Section 564 of the Federal, Food, Drug, and Cosmetic Act (codified as 21 U.S.C. § 360bbb-3(a)(1) et. seq) and the implementation regulations thereof (21 C.F.R. Subpart B, Part 50 - Informed Consent of Human Subjects) when any product, practice, procedure and/or treatment having an emergency use status is involved.

11. "Informed consent" has become ingrained into medical codes of ethics.[1,2]

12. Under Wyoming constitutional law, Article I § 38, Petitioners, as legal guardians of their children, have a right to invoke both their own rights as parents and their children's fundamental rights.

13. Defendants' policies have usurped and infringed on and currently threaten the rights of Petitioners and their children to privacy, dignity and free expression without the necessary showing of a compelling government interest in doing so.

14. Petitioners and their children have a right to privacy generally which is protected by the fourth amendment to the federal constitution.

15. Petitioners and their children further have a right to medical privacy pursuant to HIPAA. 42 U.S. Code § 1320d–6 - Wrongful disclosure of individually identifiable health information.

16. Petitioners have repeatedly attempted to avoid litigation by demanding Defendants to reconsider and reject their unlawful policies and conform to federal statutory requirements and constitutions rights and protections of the Petitioners.

17. The U.S. Center for Disease Control (CDC) statistics show that Covid-19 and its variants are not much of a threat to school children. Its numbers show that more people under

---

[1] What Is the Declaration of Helsinki? https://www.verywellhealth.com/declaration-of-helsinki-4846525

[2] WMA Declaration of Helsinki – Ethical Principles for Medical Research Involving Human Subjects https://www.wma.net/policies-post/wma-declaration-of-helsinki-ethical-principles-for-medical-research-involving-human-subjects/

the age of 18 died of influenza during the 2018-19 flu season--a season of it labeled of "moderate severity" that lasted eight months--than have died of Covid-19 across more than 18 months.

18. Both data and science suggest that mandate such a widespread and universal use of face covering is not justified or effective. (See Declaration of Rodney X. Sturdivant, PhD., attached hereto as Exhibit 14).

19. On March 13, 2020 Respondent Gordon arbitrarily declared a State of Emergency for the entire State of Wyoming via an Executive Order (EO hereinafter) attached hereto as Petitioners' Exhibit 4. Respondent Gordon cited as his authority to do so, W.S. §§ 19-13-102 and 104 and W.S. § 35-4-115(a)(i). Furthermore, Respondent Gordon publicly stated that such temporary action was necessary to "flatten the curve" of the affect of Covid-19. Respondent Gordon further acknowledged that the citizens of Wyoming did just that.[3]

20. Each of the defendant school districts made essentially the same admission in their various Motion to Dismiss. Using LCSD#1's Motion to Dismiss as an example, at page 9 LCSD#1 admits that:

> "At all times relevant to the factual allegations against LCSD#1, the Governor's Executive Order and the Health Officer's Public Health Order were in effect *requiring* school districts to mitigate the spread of COVID-19 via specific measures. LCSD#1 and all other school districts around the state were not free to simply ignore these executive mandates." (emphasis added)

---

[3] April 17, 2020 press release
https://content.govdelivery.com/accounts/WYGOV/bulletins/287209c

21. Based upon this reasoning, school district began issuing their own health orders at various times and of varying degrees. While most of these orders have been rescinded, State and county health officers have allowed and assisted school districts and school administrative personnel to issue their own Covid-19 policies in violation of constitutionally protected fundamental rights and/or federal requirements regarding the use of Emergency Use Authorization (EUAs) products, procedures, practices and/or treatment.

22. Neither the Governor nor the Wyoming Health Dept have authority to completely ignore or order the violation of federal law such as Section 564 of the FDCA or it implementation regulations regarding use of EUAs.

23. Defendants' universal on again-off again mask, testing and quarantine policies set a precedent and foreshadowed an intention to impose a universal vaccine policy on Wyoming school children and staff.

24. Defendant WY Dept of health now recommends Wyoming school districts institute a policy known as a "Test to Say". This "Test to Say" policy mandates application of emergency use vaccines that are not fully approved by the FDA.

25. Defendant Sweetwater County School District #2 has already implemented and is following the "Test to Stay" policy. Thus, SWCSD#2 is violating Petitioner Pavey and her children's rights. Moreover, they are doing so, without compliance to informed consent requirements and in violation of fundamental rights and federal statutory safeguards.

26. The rest of the Petitioners, and all Wyoming parents', fundamental rights are in danger of being usurped by the "Test to Stay" policy.

27. Furthermore, the "Test to Say" policy puts the parents into a Hobson's choice situation forcing their children to being used as experimental human subject without full and proper compliance with Section 564 of the FDCA and the implementation regulations thereof (21 C.F.R. Subpart B, Part 50).

28. Defendants have expressed no recognition or acknowledgement that their EUA policy mandates infringe upon parental or student rights. They have made no express findings to the effect that any of the mandates are: 1) supported by any compelling governmental interest; or 2) they are narrowly tailored to serve a compelling government interest; or 3) by a least restrictive means.

29. Defendants lack the expertise or competence to make such findings. They have not retained or relied upon competent professionals in necessary fields, such as public health virology, to make any reliable assessment of the interests at stake or an alternative means in pursuing and serving such interests.

30. Another concern of EUA policy mandates is removing the freedom to choose from individuals without compelling scientific data to support such a restriction. Such mandates are one size fits all, therefore ignoring clear situations where an EUA is not needed, such as in cases of people with natural immunity.

31. Despite the science, the Defendants have all imposed policy mandates of EUA products ,procedure and/or treatments requiring all students, staff and visitors to become experimental humans subjects.

32. Defendants' universal EUA mandates impose restrictions on Petitioners and their

children without considering whether the children are infected with a communicable disease.

33. Defendants' mask, quarantine and the "Test to Stay" policy do not consider or accommodate children's individual needs under particular circumstances such as autism, asthma and a variety of other medical conditions.

34. Petitioners further contends and alleges that the many and repeated violations of constitutional provisions, federal and State statutes are directly attributed to and commenced by Respondent Gordon's Declaration of Emergency based upon the faulty and unsound application and use of W.S. § 35-4-115(a)(i).

35. Respondent Gordon's continued Declaration of Emergency has resulted in the many repeated violations of Petitioners' fundamental rights and liberties, and the rights of of their children.

36. These violation have occurred not because of any serious health threat to the Petitioners, or their children, but rather for the purpose funding. Defendant school district have shown a willingness to usurp Petitioners and their children's fundamental right and liberties to obtain more and more dollars.

37. Under the *guise* of a public health *emergency*, Respondent Gordon has made it public that:

> "The state of emergency declared for Wyoming last year because of the coronavirus pandemic <u>needs to continue</u> *to allow the state to take advantage of certain federal programs* . . ."[4] (emphasis added)

---

[4] Cowboy State Daily. April 15, 2021, https://cowboystatedaily.com/2021/04/15/wyomings-state-of-emergency-needed-for-federal-funds/

The "programs" referred to are all funding programs. In the words of Respondent Gordon's spokesman, Michael Pearlman:

> "One that that's important to keep in mind is that many of (the Federal Emergency Management Agency's) *policies* regarding Covid-19 *cost reimbursement* **are based upon the existence of a public health emergency**," . . . "So there would be *financial consequences* to the state were the governor to lift the state of emergency."[5] (emphasis added)

38. This ***non***-health excuse was set forth in response to Fremont County Commissioners attempt to end the emergency declaration based upon and citing "steady declines in coronavirus cases seen in the past several months."

39. Petitioners contends and asserts that the purpose of W.S. § 35-4-115(a)(i) is to address a real and meaningful "Public health emergency"; **NOT any funding issue** that may or may not actually exist. This is especially true when the alleged funding issues were the result of the unlawful activities of the Respondents upon their own and working in conjunction with various actors at the federal level. Petitioners asserts that W.S. § 35-4-115(a)(i) is designed and intended as an **extraordinary tool** to be used sparingly during a time of ***unexpected*** extraordinary health crisis.

40. Petitioners asserts that the legislative intent is of W.S. § 35-4-115(a)(i) ***a temporary nature***. From the beginning it was made clear that the March 13, 2020 EO declaration was for the temporary purpose of "flattening the curve" of the Covid-19 virus. The time frame of "2 weeks" and "14 days" was repeatedly mentioned. The "flattening the curve" excuse and the temporary "2 weeks" time frame has morphed into a funding measure which, according the

---

[5]     Id.

Respondents Gordon, the Wyoming Dept. of Health, State health officer Alexia Harrist, and interim director Stefan Johansson, **may continue as long as they want** despite the fact that NO **extraordinary** health emergency condition exist in the State of Wyoming.

41. Wyoming § 35-4-115(a)(i) states: "Public health emergency" (quote in original). The very term "emergency" means:

   1. a sudden, urgent, *usually unexpected* occurrence or occasion requiring immediate action.

   2. a state, especially of need for help or relief, created by some *unexpected* event. (emphasis added)  https://www.dictionary.com/browse/emergency

   The Cambridge dictionary defines emergency as:

   something dangerous or serious, such as an accident, that happens *suddenly* or *unexpectedly* and needs fast action in order to avoid harmful results. (emphasis added) https://dictionary.cambridge.org/us/dictionary/english/emergency

42. Petitioners asserts that Wyoming § 35-4-115(a)(i) – when read properly - states:

   "Public health emergency" means an [*unexpected*] occurrence or [*unexpectedly*] imminent threat of an illness or health condition caused by an [*unexpected*] epidemic or [*unexpected*] pandemic disease, a novel and highly fatal infectious agent or a biological toxin that poses a substantial risk of a significant number of human fatalities or incidents of permanent or long-term disability. The governor shall declare when a public health emergency exists or has ended."

43. Petitioners asserts that a normal reading of "The governor shall declare when a public health "*emergency*" exists or has ended." would be understood that a limitation is built into such a statement; in this case, a true scientific factually creditable medical health **emergency**; an EXTRAORDINARY health crisis; and that such authority ends *automatically* when the "crisis/emergency" no longer exist. When no true scientific factually creditable medical health emergency exist, the authority granted by W.S. § 35-4-115(a)(i) can no longer exist.

44. The many and repeated violations were and have been maintained and continue by the out-right unlawful actions of the rest of the Respondents working together and separately and by the dishonest, deceitful and fraudulent use of the PCR testing; testing done in violation of federally mandated safeguards set forth in 21 C.F.R. Subpart B, Part 50.

## COUNT I

45. Petitioners restate paragraphs one through forty-four.

46. Both as parents and on behalf of their children, Petitioners have a fundamental right and liberty interest, protected by U.S. and Wyoming Constitutions, in the right to refuse an unwanted medical intervention such as cloth face coverings or experimental vaccine. The right to bodily integrity and to refuse such unwanted medical treatments is deeply rooted in the historical traditions of the United States. The right to refuse medical treatment stems from the common law and the rights to bodily integrity and dignity.

47. Defendants' various EUA policies consist of compulsory medical intervention and constitute a substantial interference with and violation of Petitioners' and their children's fundamental rights and liberty interests.

48. Defendants' various EUA policies consist of compulsory medical intervention and force Petitioners' children into being used as experimental humans subjects and is a substantial violation of federal law requirements regarding the use of EUA products, procedures and treatments.

49. Defendant' violation of Petitioners' and their children's fundamental rights and liberty interests is causing and will continue to cause them to suffer irreparable harm for which there is

no adequate remedy at law.

50. Enforcement of the mask mandates would cause irreparable harm by threatening Petitioners with substantial penalties for not complying with mask mandate restrictions.

## COUNT II

51. Petitioners restate paragraphs one through fifty.

52. As these EUA policies are imposed exclusively on those attending Defendant school districts while none is imposed on the general population, it violates the students' rights to equal protection because the state's stated objective is to eradicate Covid-19 and its variants from the population as a whole. While Defendants have imposed mandates on students, there are constitutional limits to what a legislative majority may impose on any minority while leaving itself free of such constraints.

53. Children are at no greater risk from Covid-19 and its variants than the general population and do not benefit in any particular way from the mask mandate compulsion. In fact, children as a whole are at less risk from contracting, spreading and/or succumbing to the virus than the general population. Exempting the general adult population from universal mask mandates violates equal protection. Children may not be the subject of discrimination in the public's response to disease from which they are at negligible risk. 54. Defendants' violation of Petitioners' children's right to equal protection is causing and will continue to cause them to suffer irreparable harm for which there is no adequate remedy at law.

55. Enforcement of the mask mandates would cause irreparable harm by threatening Petitioners' children with substantial penalties for not complying with mask mandate restrictions.

## COUNT III

56. Petitioners restate paragraphs one through fifty-five.

57. Privacy in medical decision-making is one of the fundamental individual rights protected by the U.S. Constitution.

58. Defendants' mask mandates compel uninfected and unexposed students to wear face masks on Defendants' campuses at all times when indoors. If students not infected with a communicable disease, or reasonably believed to be infected, choose through their parents to exercise their right to make their own private health care choices by declining a face covering, Defendants bar them from Defendants' indoor spaces.

59. Defendants' Covid-19 response, by their mask mandates, denies the right of individual privacy guaranteed by Amendment IX of the U.S. Constitution. It also violates the Wyoming State Constitution. The right to personal privacy protects medical care choices. The right of privacy broadly guarantees individuals the right to make medical judgments affecting their bodily integrity and health, free from government interference. The right to privacy is implicated when a law infringes upon a person's ability to obtain or reject a lawful medical treatment.

60. Defendants' violation of Petitioners' and their children's privacy rights in making their own medical choices is causing and will continue to cause them to suffer irreparable harm for which there is no adequate remedy at law.

61. Enforcement of the mask mandates would cause irreparable harm by threatening the Plaintiff's children with substantial penalties for not complying with mask mandate restrictions.

## REQUEST FOR RELIEF

WHEREFORE, Petitioners request:

1. A declaration that Defendants' universal mask mandates against students are unconstitutional;

2. Injunctive relief in Petitioners' favor and against Defendants imposing a permanent injunction against enforcement of Defendants' mask mandates;

3. An award of attorney fees, expert witness fees, other costs of suit; and

4. Such other and further relief as may be appropriate in the circumstances.

DATED this 28th day of January, 2022.

## Certificate of Service

I, Nick Beduhn, hereby certify that on January 27, 2022, I served a true and correct copy to the above and foregoing through the Case Management/Electronic Case Filing (CM/ECF) system for the United States Federal Government for the District of Wyoming as allowed by CM/ECF Procedures Manual, Section III(G)(i)&(ii), and the Notice of Electronic Filing (NEF) of this document to the Defendants listed in Complaint by the CM/ECF system shall constitute service.

/s/ Nick Beduhn

Nick Beduhn WSB # 6-3763

Beduhn Law